(No. 2024— ▮▮▮▮▮▮)

J. MAXWELL MILLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

GARIEPY & GARIEPY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Petition was originally filed for claimant by the clerk of this court on December 5, 1932 and an amended petition was filed October 25, 1933. The petition states that the claimant was employed by the State of Illinois as a foreman of the St. Charles School for Boys at St. Charles, Illinois, at a weekly wage of $71.50 per week; that on May 4, 1931 he sustained accidental injuries which arose out of and in the course of his employment, by falling a distance of 18 or 20 feet, sustaining injuries to his back and left leg, and the petitioner avers: "although sick, sore and lame, he returned to his supervising post, which required no physical labor."

Permanent disability is claimed for the left leg and back, and a disability to the right leg. Compensation as provided by Section 8 of the Workmen's Compensation Act of this State is requested.

The motion is made by the Attorney General to dismiss for the reason that the claim was not filed within the time fixed by Section 24 of the Workmen's Compensation Act. Section 24 of the Workmen's Compensation Act provides, as far as material here:

"* * * *provided*, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, *provided* that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

No claim is made that compensation was ever paid in this case. Under the Court of Claims Act we are bound to follow the Workmen's Compensation Act in a case of this kind.

Under the decision of the Supreme Court of this State, the above quoted part of the statute is jurisdictional. No claim for compensation having been made within six months after the accident, or within one year after the date of the injury, this court has no jurisdiction.

Claim will, therefore, be denied.